# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

|  |  |
|---|---|
| | )   Case No. |
| | ) |
| | )   Hon. |
| **KRYSTAL SCHROEDER** | ) |
| 307 S. Prospect | ) |
| Bowling Green, Ohio 43402 | )   **COMPLAINT WITH JURY DEMAND** |
| | )   **ENDORSED HEREON** |
| Plaintiff, | ) |
| | )   Zachary J. Murry (0087421) |
| vs. | )   BARKAN & ROBON LTD. |
| | )   1701 Woodlands Drive |
| **BROOKS' COUNTRY** | )   Suite 100 |
| **MERCANTILE, LLC** | )   Maumee, Ohio 43537 |
| 8140 Main Street | )   Phone:  (419) 897-6500 |
| Neapolis, Ohio 43547 | )   Fax:    (419) 897-6200 |
| *Serve:*  Thomas A. Yoder, Statutory Agent | )   zmurry@barkan-robon.com |
|        7945 Airport Highway | ) |
|        Holland, Ohio 43528 | )   *Attorney for Plaintiff* |
| | ) |
| and | ) |
| | ) |
| **MICHAEL D. BROOKS** | ) |
| 9401 Manore Road | ) |
| Grand Rapids, Ohio 43522 | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

****************

Now comes Plaintiff, Krystal Schroeder, by and through undersigned counsel, and for her

Complaint against the Defendant, hereby states and avers as follows:

**NATURE OF THE ACTION**

1.      This case challenges the tortious misconduct of Defendant Brooks' Country Mercantile, LLC in its discriminatory treatment of Plaintiff Krystal Schroeder in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*., and its implementing regulations, and Ohio Rev. C. § 4112.02, et seq.

2.      During the tenure of Plaintiff's employment with Defendant Brooks' Country Mercantile, LLC, she was subjected to constant and repeated discrimination on the basis of her sex/gender (female) and her pregnancy status.  This discrimination included, but was not limited to, being subjected to verbal sexual harassment, physical assault and harassment, creation of a hostile work environment, and the intentional infliction of emotional distress.

**PARTIES**

3.      Plaintiff Krystal Schroeder ("Plaintiff") is a resident of Bowling Green, Wood County, Ohio.

4.      Defendant Brooks Country Mercantile, LLC ("Defendant") is, a domestic limited liability company formed and organized in the State of Ohio, Lucas County. Upon information and belief, Defendant's business operations include the provision of retail services within the geographic confines of the Northern District of Ohio, including but not limited at its principal place of business, located at 8140 Main Street, Neapolis, Ohio 43547.  Upon information and belief, Defendant derives substantial revenue from its economic activity within this judicial district.

5.      At all times alleged herein, Defendant Brooks' Country Mercantile, LLC includes and included any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers, and organizational units of any kind, their predecessors, successors and assigns and

-2-

their officers, directors, employees, agents, representatives and any and all other persons acting on their behalf.

6.      Defendant Michael D. Brooks was, and all relevant times herein alleged is, the managing member of Defendant Brooks' Country Mercantile, LLC.

7.      At all relevant times herein alleged, Defendant Michael Brooks was the supervisor of Plaintiff and was responsible for the generation of Plaintiff's work schedule with Defendant Brooks' Country Mercantile, LLC.

8.      At all times herein mentioned, each of the Defendants was the agent, servant, partner, predecessors in interest, aider and abettor, co-conspirator and joint venturer of each of the remaining Defendants herein and was at all times operating and acting with the purpose and scope of said agency, service, employment, partnership, conspiracy and joint venture.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 28 U.S.C. § 1343.

10.     Following the discriminatory conduct described herein, Plaintiff timely asserted an administrative claim against Defendant Brooks' Country Mercantile, LLC for its violation of her civil rights with the filing of a Charge with the Ohio Civil Rights Commission ("OCRC") and Equal Employment Opportunity Commission ("EEOC").  On August 18, 2021, the EEOC issued, at Plaintiff's request, a "Notice of Right to Sue."  A copy of this Notice is filed herewith, and incorporated by reference, as Exhibit 1.   Accordingly, Plaintiff has exhausted her administrative remedies and subject matter jurisdiction over Plaintiff's claims is properly vested with this Court.

11.     Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. §1391, as the events giving rise to the Plaintiff's claims occurred within this judicial district and Defendant conducts business within the territory served by the U.S. District Court for the Northern District of Ohio, Western Division, and derives substantial revenue from such activity.

## FACTS

12.     Plaintiff hereby incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

13.     On or about May 2020, Plaintiff Schroeder was hired by Defendants as an employee of Defendant Brooks' Country Mercantile, LLC.

14.     For the duration of her employment with Defendants, Plaintiff was an exemplary employee who successfully met all job performance standards and otherwise fully and satisfactorily performed all her job duties for Defendant.

15.     From the time of Plaintiff's employment, until the time she chose to separate from the position, Defendant Brooks' Country Mercantile, LLC, by and through its principal Defendant Michael D. Brooks, made regular and inappropriate comments and gestures toward Plaintiff Schroeder based upon her sex/gender (female) and being pregnant.

16.     Specifically, the discriminatory conduct to which Plaintiff was subjected included, but was not limited to:

    a.  Unwanted sexual and romantic advances made towards Plaintiff;

    b.  Comments of a sexual nature regarding Plaintiff's pregnancy; and

    c.  Unwanted touching and physical contact by Defendant Michael Brooks to Plaintiff's shoulders neck, and abdomen.

-4-

17.     This harassment was a daily or near-daily occurrence for Plaintiff as Defendant Michael Brooks was responsible for making Plaintiff's schedule and, upon information and belief, would schedule Plaintiff for shift when only he and Plaintiff would be in the business.

18.     Moreover, Plaintiff unequivocally requested the Defendant Michael brooks stop his harassing behavior.  Nonetheless, Defendant Michael Brooks continued to harass Plaintiff.

19.     Indeed, the conduct was undertaken with the understanding that, as a young pregnant woman, Plaintiff would have difficulty finding other employment and/or leaving her position with Defendant Brooks' Country Mercantile, LLC.

20.     The harassment endured by Plaintiff caused significant strain, stress, and other health issues such that her continued employment with Defendant Brooks' Country Mercantile, LLC was creating real risks for her health, the health of her baby, and her ability to carry the child to term.

21.     Accordingly, and in light of the hostile and intolerable working conditions facing Plaintiff in continued employment with Defendant Brooks' Country Mercantile, LLC, Plaintiff was forced to quit her position and search for other work while nearly eight (8) months pregnant.

22.     As a direct and proximate result of the harassment, discrimination, and other tortious misconduct sustained at the hands of the Defendants, and each of them, as described herein, Plaintiff suffered severe personal injuries, including but not limited to physical, psychological, and emotional trauma and damages, in an amount to be proven at trial, in excess of $100,000.00. Further, Plaintiff's injuries required medical treatment and resulted in the incursion of medical expenses, and caused her great pain, suffering, mental anguish, and emotional distress.

## FIRST CAUSE OF ACTION

**(Discrimination in Employment on the Basis of Sex/Gender and Pregnancy)**

23.     Plaintiff hereby incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

24.     As detailed above, Defendant subjected Plaintiff to a regular stream of discriminatory conduct on the basis of her sex/gender (female) and pregnancy status.

25.     Finally, Plaintiff was forced to terminate her employment due to the discriminatory and harassment of Defendant.

26.     As a direct and proximate result of the Defendant's discriminatory conduct, Plaintiff suffered significant damages, in an amount to be determined at trial, in excess of $100,000.00.

## SECOND CAUSE OF ACTION
**(Hostile Work Environment)**

27.     Plaintiff hereby incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

28.     Defendant, through its own actions as well as the actions of its managers and employees, acted in such a manner as to create a work environment that was hostile to Plaintiff.

29.     Specifically, the work environment created was rife with discriminatory animus, all of which was directed at Plaintiff on the basis of her sex/gender (female) and pregnancy status.

30.     As a direct and proximate result of the Defendant's discriminatory conduct, Plaintiff suffered significant damages, in an amount to be determined at trial, in excess of $100,000.00.

31.     In addition, Defendant's conduct was extreme and outrageous thereby warranting an assessment of punitive damages as well as an award of Plaintiff's legal fees and expenses.

### THIRD CAUSE OF ACTION
#### (*Respondeat Superior*/Vicarious Liability)

32.     Plaintiff hereby incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

33.     At all relevant times during the incidents described and alleged herein Defendant's management and employees, and each of them, were acting in the course and scope of their employment, service, and/or agency with Defendant.

34.     Under the doctrines of vicarious liability/*respondeat superior*, principal-agency, and/or agency by estoppel Defendant is liable for the negligent, wanton, and/or intentional acts of, and discrimination by, its agents and employees.

### FOURTH AND FIFTH CAUSES OF ACTION
#### (Negligent Training and Supervision)

35.     Plaintiff hereby incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

36.     At all times relevant herein, Defendant had a duty to properly train and supervise its managers, agents, and employees.

37.     Specifically, Defendant owed a duty to Plaintiff to train its Managers, agents and employees on the appropriate manner in which to comport themselves while conducting business on behalf of Defendant and to also train its employees that discriminatory treatment towards others in the workplace was illegal and impermissible.

38.     Defendant also owed a duty to Plaintiff to appropriately supervise managers and employees in the execution of their employment duties to ensure that they were not executing those duties in a manner that discriminated against Plaintiff on the basis of her sex/gender and pregnancy status.

39.     At all times relevant herein, the employees and managers of Defendant were, at minimum, negligent and/or incompetent in their interactions with Plaintiff.

40.     At all times relevant herein, Defendant knew, or should have known, of the negligent and/or incompetent nature and behavior of its managers and employees, yet, upon information and belief, took no steps to prevent, remedy, and/or ameliorate such negligent and/or incompetent acts or behavior.

41.     Defendant's failure to appropriately train, monitor, and/or supervise its managers and employees was itself negligent, malicious, in bad faith, wanton, and/or reckless.

42.     As a proximate result of Defendant's malice, bad faith, wanton, and/or recklessness in its training, monitoring, and/or supervising of its managers and employees, Plaintiff suffered significant damages, in an amount to be proven at trial, in excess of $100,000.00.

## SIXTH AND SEVENTH CAUSES OF ACTION
### (Negligent and Intentional Infliction of Emotional Distress)

43.     Plaintiff hereby incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

44.     Through its discriminatory, negligent, wanton, reckless and/or intentional actions and inactions in its dealings with Plaintiff, Defendant either intended to cause emotional distress

or knew or should have known that its actions would result in serious emotional distress to Plaintiff.

45.     Defendant's conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

46.     As a direct and proximate result of the Defendant's foregoing acts and omissions, Plaintiff suffered severe emotional and psychological distress of a serious nature to the degree that no reasonable person could be expected to endure it.

47.     Defendant's acts were willful and malicious in that Defendant's conduct was carried out with a conscious disregard for the rights of the Plaintiff.

48.     Defendant's conduct thereby warrants an assessment of exemplary and punitive damages against it in an amount appropriate to punish the Defendant and set an example of it.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, jointly and severally, as follows:

A.     For an award of compensatory damages, in an amount to be proven at trial, in excess of $100,000.00;

B.     For an award punitive damages in an amount sufficient to punish the Defendant for its egregious misconduct and to set an example of it;

C.     For an award of Plaintiff's reasonable attorneys' fees and costs;

D.     For pre- and post-judgment interest; and

E.     For such further and other relief as the Court deems appropriate, just, necessary, equitable, and proper.

Dated:  September 10, 2021          Respectfully Submitted,

                                     BARKAN & ROBON LTD.

                                     By  /s/ Zachary J. Murry
                                        Zachary J. Murry
                                    *Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby demands a trial by jury for all issues so triable.

                                     Respectfully Submitted,

                                     **BARKAN & ROBON, Ltd**

                                   By:  /s/  Zachary J. Murry
                                        Zachary J. Murry (0087421)